IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DANIEL APPLEGATE**,

    Petitioner,

v.

**MULTNOMAH COUNTY SHERIFF'S OFFICE**,

    Respondent.

Case No. 3:23-cv-937-SI

**ORDER**

**Michael H. Simon, District Judge.**

    Petitioner Daniel Applegate, representing himself, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on June 22, 2023. ECF 2. Petitioner challenges a 120-day jail sentence from the Multnomah County Circuit Court for violating the terms of his probation. The probation violation hearing and judgment occurred on June 14, 2023. Petitioner also moves for appointment of counsel. ECF 6.

    On July 27, 2023, the Court ordered Petitioner to show cause in writing why the Court should not summarily dismiss his Petition on the basis that he has not exhausted his available administrative remedies. ECF 7. Petitioner responded on August 2, 2023. ECF 8. In his response, Petitioner admits that he has not exhausted his state-court administrative remedies. He explains

PAGE 1 – ORDER

that his failure to exhaust is due to "ineffective assistance of counsel" and states that his attorney and the law library officer did not provide him with the proper forms despite his requests. Petitioner asks the Court to excuse his failure to exhaust and allow his case to move forward.

The Court finds that no extraordinary circumstances appear to be present that would excuse the exhaustion requirement. *See Younger*, 401 U.S. 37, 53-54 (1971) (extraordinary circumstances include harassment, bad-faith, or other unusual circumstances that will lead to irreparable injury). Petitioner must first exhaust his available state-court remedies before pursuing federal habeas corpus relief under 28 U.S.C. § 2241. *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980); *see also* 42 U.S.C. § 1997e (a), (h); *Cavanagh v. Dir., Ventura Cnty. Probation*, 2012 WL 4792863, at *4 (C.D. Cal. Oct. 9, 2012) (applying state exhaustion requirements to a petitioner's claims regarding his probation violation).

As such, the Court DISMISSES without prejudice Petitioner's § 2241 petition for failure to exhaust. *See* Rule 1(b) and Rule 4, *Rules Governing Section 2254 Cases* (Dec. 2019) (permitting summary dismissal of habeas corpus petitions); Local Rule 81-2 (adopting in this District the *Rules Governing Section 2254 Cases*). The Court also DENIES AS MOOT Petitioner's motion for appointment of counsel, ECF 6.

**IT IS SO ORDERED.**

DATED this 15th day of August, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 2 – ORDER